**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**JOSEPH A. SESSEL**                                                                                            **PETITIONER**

**VS.**                              **CASE NO. 2:08CV00194 JLH/HDY**

**T.C. OUTLAW, WARDEN,
FCI FORREST CITY, ARKANSAS**                                                       **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Joseph A. Sessel, in custody at FCI Forrest City, Arkansas, brings this action pursuant to 28 U.S.C. § 2241. He challenges the manner in which his sentence is being executed, alleging that the findings of a discipline hearing should be expunged because his due process rights were violated.

The facts are largely undisputed. On the morning of June 18, 2008, prison staff ordered Mr. Sessel to provide a urine sample. He complied. Around 1 to 1:15 p.m., prison staff requested another urine sample. Mr. Sessel contends that he had played tennis in the morning hours and sweated profusely. As a result, he tried but was unable to produce a urine sample adequate for testing. Mr. Sessel was given water to drink and allowed two hours and forty minutes to produce

the sample. After the time passed, the petitioner was charged with a disciplinary violation for refusing a drug test. At the disciplinary hearing before the Unit Disciplinary Committee, conducted on June 24, 2008, Mr. Sessel testified that he did not refuse to provide a urine sample, but was simply unable to do so. The Unit Disciplinary Committee referred the charge to the Disciplinary Hearing Officer ("DHO") for further hearing, due to the serious nature of the charge. A hearing before the DHO was held on July 2, 2008. Mr. Sessel was given the opportunity to have a representative at the hearing and to call witnesses. K. Derrick was appointed to represent the petitioner, who requested that Ms. Brown, a technician, be called on his behalf. Ms. Brown, according to Sessel, was to testify that Sessel never refused to provide a urine sample but claimed to be dehydrated and unable to urinate. Ms. Brown would have also testified to numerous attempts by Sessel to urinate, and that he produced a urine sample that was too small to test. At the DHO hearing, Mr. Sessel testified that he did not refuse to give the sample but was simply unable to produce the sample. Although Ms. Brown was called as a witness, Mr. Sessel's representative did not ask Ms. Brown any questions. The DHO found Sessel guilty of refusing to provide a urine sample and imposed the following sanctions: disallowance of 41 days of Good Conduct Time, 60 days Disciplinary Segregation, loss of visiting privileges for 545 days, followed by loss of visiting privileges (immediate family only) for another 545 days for a total of 1090 days, loss of telephone privileges for 545 days, and loss of commissary for 545 days. The petitioner's appeals of the sanctions were unsuccessful, and the respondent does not contend the petitioner failed to exhaust any administrative avenues.

Mr. Sessel contends his due process rights were violated by the defendant, and also urges that he is actually innocent of the disciplinary charge of which he was convicted. Mr. Sessel advances

his arguments in his complaint, as well as in his reply to the respondent's motion to dismiss (docket entry no. 15).

**Due Process**

The United States Supreme Court, in *Wolff v. McDonnell*, 418 U.S. 539 (1974), described what process is due a prisoner in the prison disciplinary process: advanced written notice of the charges; a written statement by the factfinder of the evidence relied upon and the reasons for the ruling; an inmate's right to call witnesses and present documentary evidence; and the right to counsel substitutes in some instances. Mr. Sessel contends his due process rights were violated when he was not allowed an opportunity to present testimony from witnesses in order to rebut the assertion that he refused a drug test.

A review of the report of the DHO is helpful. See Attachment #3 to docket entry no. 7. The report confirms that K. Derrick was requested and appointed to assist Mr. Sessel. Mr. Sessel's testimony was summarized, and indicated that he provided a urine sample at 7 a.m., played tennis from 7:30 to 10:00 a.m. and did not drink water. When he was asked for a urine sample in the afternoon, "I could not pee at all that day. I never said that I would not pee, I just could not. I was very dehydrated after playing tennis all morning in the sun. This would have been my second UA in the day. I have been convicted of 2 UA's before, and so I have no reason to lie." Mr. Sessel requested SIS Tech Brown as his sole witness, and her testimony was summarized by the DHO: "We were aware that inmate Sessel was UA'ed that morning. We got word that him and Youngblood were shooting up Morphine after the UA. We did let him drink a lot of water, we did give him extra time. He sipped the water. We let him walk the halls, we did give him every opportunity to UA."

Mr. Sessel argues that due process was denied him because witness Brown, although she

4

testified, was not questioned by Sessel's representative, and because she was not asked to corroborate the petitioner's testimony that he tried to urinate and that he was able only to provide a small sample unsuitable for testing. The petitioner cites *Kingsley v. Bureau of Prisons,* 937 F.2d 26 (2nd Cir. 1991), as substantially indistinguishable from this case. We disagree. In *Kingsley*, the prisoner was charged with refusing to provide a urine sample and requested as witnesses other inmates that observed him during the time in question. The petitioner did not know the names of any of these inmates, six of whom also failed to provide urine samples. The DHO deemed the request for witnesses waived because the petitioner could not provide the names of the other prisoners, and the prisoner was convicted of the charge. In addition, the prisoner indicated that the unnamed witnesses were needed to testify that the petitioner was nervous during the test. The DHO conceded that Kingsley was nervous during the test, and stated that there was no reason to call the witnesses to corroborate that fact. The district court agreed with the DHO, but the Second Circuit reversed, finding Kingsley was denied his right to call witnesses under the *Wolff v. McDonnell, supra* analysis.

   While there are some parallels between *Kingsley* and the case at hand, the cases are not indistinguishable. The key difference is that Mr. Sessel requested Ms. Brown as a witness and she was called. Mr. Sessel's quarrel is not so much that his witness was not called but that she did not testify as he had hoped, and that her testimony was elicited by the DHO rather than by Sessel's appointed representative. As a result, the *Kingsley* decision does not compel a reversal of the DHO's decision. The key inquiry is whether the calling of Brown as a witness satisfied the due process requirements. While Mr. Sessel may have preferred that his representative ask questions of Ms. Brown rather than her giving a statement directly to the DHO, we find no due process violation in

the manner of the hearing. Mr. Sessel also contends that his representative should have asked certain questions to elicit certain responses from the witness, i.e., petitioner tried but could not urinate and gave a small urine sample. There is no showing that Ms. Brown would have answered the questions in the manner desired by Mr. Sessel had the questions been posed to her. We note that *Wolff v. McDonnell* specifically held that cross examination of witnesses is not an essential element of due process in disciplinary hearings. *See also, Willis v. Ciccone*, 506 F.2d 1011 (8th Cir. 1974). In addition, had she answered in the way Sessel wanted, her testimony would only have mirrored his own statement, and it would not have added any new facts. In summary, we find no due process violation in the calling and questioning of witness Brown.

   **Actual Innocence**

Mr. Sessel also challenges the disciplinary conviction, contending he is actually innocent of the charge. We should note, however, that the federal courts do not provide a de novo review of a prison disciplinary court's findings. *Cummings v. Dunn*, 630 F.2d 649, 650 (8th Cir. 1980); *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974). The only inquiry to be made by this Court is, therefore, whether "some evidence" supports the decision of the disciplinary board. *See Superintendent v. Hill*, 472 U.S. 445, 105 S. Ct. 2768, 86 L.Ed.2d 356, 365 (1985). *See also Brown v. Frey*, 807 F.2d 1407, 1414 (8th Cir. 1986).

> This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . ." Ascertaining whether this standard is satisfied does not require an examination of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. We decline to adopt a more stringent evidentiary standard as a constitutional requirement. Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness

> guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither is the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

*Superintendent v. Hill*, 472 U.S. at 455-56.

Mr. Sessel urges the Court to believe his version of the events. In addition, he asks that the Court find that Ms. Brown would have corroborated his version of the facts had she been properly questioned at the hearing. The pertinent standard set forth in *Hill*, however, does not invite the Court to weigh the credibility of the witnesses. Instead, our inquiry is whether there is any evidence to support the guilty verdict. In this case, the pertinent regulations provide a presumption that a prisoner who does not provide the urine sample in the allotted time has refused to provide the sample. The DHO found that Mr. Sessel, who was given an additional forty minutes over the allotted two hours to provide the sample, had not rebutted the presumption. The evidence cited in the DHO report constitutes "some evidence" to support the disciplinary conviction, satisfying the requirement of *Hill v. Superintendent, supra.*. The DHO is charged with, among other things, evaluating the credibility of the witnesses. The petitioner's disagreement with the credibility assessment of the DHO does not overcome the ruling when there is some evidence to support the DHO's decision. As a result, we find no merit to the petitioner's second claim for relief.

Based upon the foregoing, we recommend that the petition for writ of habeas corpus be dismissed, and the relief requested be denied.

IT IS SO ORDERED this   10   day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE